UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TMP WORLDWIDE ADVERTISING & COMMUNICATIONS, LLC<br><br>Plaintiff,<br><br>v.<br><br>LATCAREERS, LLC,<br><br>Defendant. | NO. C08-5019RBL<br><br>ORDER ON MOTIONS TO DISMISS AND AMEND |

THIS MATTER is before the Court on Defendant's Motion to Dismiss [Dkt. #22] and Plaintiff's responsive Motion to Amend [Dkt. #25].

Underlying the dispute arises from a contract between Plaintiff TMP and Defendant LATCareers. LAT promotes and operates job fairs around the country. It sought to have TMP's client, T-Mobile, attend a series of job fairs, with the understanding on all sides that Latino job applicants would attend the fairs. The initial "deal" was for TMP to pay LAT for T-Mobile's attendance at 8 such fairs. According to TMP, it mistakenly paid for attendance at 12 such fairs, sought and was promised a refund reflecting the agreed upon 8 fairs. While that dispute was pending, T-Mobile attended at least one fair, and was not satisfied. TMP sought to modify the contract to reflect T-Mobile's attendance at 4 job fairs instead of 8.

TMP claims the modification was agreed upon, and that LAT has nevertheless refused to refund the difference. Its suit seeks the refunds to which it claims it is entitled.

Defendant LAT Answered the Complaint and asserted four counterclaims: (1) breach of contract; (2) defamation; (3) tortious interference with a contract or business expectancy; and (4) breach of fiduciary duty.

TMP seeks dismissal of the counterclaims under Red. R. Civ. P. 12(b)(6). In response, LAT seeks to amend[1] its counterclaims to make additional allegations in support of its four causes of action.

**Standards of Review**.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Review is limited to the content of the complaint [and properly incorporated documents], and all allegations of material fact must be taken as true, and construed in the light most favorable to the non-moving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). Under *Bell Atlantic Corp. v. Twombly*, a litigant cannot simply recite the elements of a cause of action to avoid dismissal under this Rule. He must instead "provide the grounds of his entitlement to relief, which requires more than labels and conclusions." 127 S.Ct. 1955, 1964-65 (2007). The litigant must plead a claim that moves "across the line from conceivable to plausible." *Id.* at 1974.

Motions to Amend are governed by Fed.R.Civ.P. 15(a), which provides that leave to amend shall be freely given when justice so requires. However, amendment is not permitted in cases of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the amendment. *Foman v. Davis*, 37 U.S. 178, 182 (1962); *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997).

**1.    LATCareers' Breach of Contract Counterclaim**.

LAT's first counterclaim alleges that TPM breached the agreement regarding T-Mobile's attendance at various job fairs. Even in its proposed amended Complaint, however, LAT does not articulate what term of the contract was breached, or in what manner. The breach of contract counterclaim is based on "paragraphs 3.1 - 3.11 of the proposed amended complaint," a narrative encompassing 8 full pages.

---

[1] LATCareers also raises an issue about the timing of TMP's Motion to dismiss *vis a vis* its Reply to the counterclaim. TMP argues that it moved under Rule 12 on four of the counterclaims, and Replied to the other two counterclaims. Because the court is convinced that the resolution of the issues before the court are not impacted by the relatively technical differences between a Motion to Dismiss and a Motion for Judgment on the Pleadings, this "issue" is not resolved in this Order. Additionally, TMP complains that LAT's response should be stricken because it was filed one day late. This request is DENIED.

Paragraph 4.3 describes the breach of contract claim as a claim that "LAT was not afforded the opportunity to appear to the final clients [T-Mobile] that they fully performed under the contract. TMP has breached the contract by not providing national Sponsors for 4 of 8 career expos, by failing to communicate with the final client or in the alternative allowing LAT to communicate with the final client such that the contractual purposes could be met."

TMP argues that this claim cannot survive as a matter of law, arguing its version of the contract. The actual contract(s) are not supplied, and for that reason the court cannot and will not dismiss the breach of contract counterclaim under Rule 12(b)(6). The parties are invited to further address the viability of this counterclaim in subsequent motion practice. TMP's Motion to Dismiss the breach of contract counterclaim is DENIED. LAT's motion to amend its complaint to further support this claim is GRANTED.

**2.    Defamation counterclaim**.

LAT's second counterclaim is that TMP defamed it by misrepresenting information about LAT to T-Mobile, and that in doing so it harmed the business relationship between LAT and T-Mobile. In its proposed amended complaint, LAT claims that TMP told T-Mobile that its advertising with LAT did not bring any "traffic" to T-Mobile, and that that statement was defamatory.

As the parties agree, a defamation plaintiff must prove four elements to make out a claim for defamation: (1) falsity, (2) an unprivileged communication, (3) fault, and (4) damages." (See TMP's Mot. at 16) (quoting *Paterson v. Little, Brown and Company,* 502 F. Supp. 2d 1124, 1132 (W.D. Wash 2007)). And, to satisfy the pleading requirements of Fed. R. Civ. P. 8, a claim for defamation must "identify the substance of the allegedly defamatory statements and the time and place in which they were made."

LAT's initial complaint did not meet this standard. LAT's proposed amended complaint fleshes out its allegations to some extent, claiming that TMP told T-Mobile that its advertising with LAT was not effective, and that that was untrue.

Assuming that the proposed amended complaint establishes the first element of a defamation claim, LAT's response to the pending Motion makes no effort to discuss or analyze the remaining elements of its claim. It argues without citation that there exists no privilege that applies, and that TMP was "at fault" for making the statement. LAT does claim it was damaged when T-Mobile declined to participate in as many job fairs as LAT hoped, and decided not to participate in future years.

ORDER
Page - 3

TMP was T-Mobile's agent, and T-Mobile (not LAT ) was the party to whom TMP owed fiduciary duties. TMP argues (also in a conclusory manner) that its communications with T-Mobile were privileged and that they cannot support a defamation claim, even if they were false. Neither party discusses the concept of privilege in any depth. The elements of the defamation defense of qualified privilege are: (1) good faith; (2) an interest to be upheld; (3) a statement limited in its scope to this purpose; (4) a proper occasion; and (5) publication in a proper manner to the appropriate parties only. *See* 50 Am. Jur. 2d Libel and Slander § 25.

The court agrees that a communication by an agent to a principal in the course of his duty as a an agent, in circumstances such as those alleged by LAT, is privileged even if it is not true. There is no allegation that the statements were made in bad faith, and TMP's interest in the subject matter is clear – TMP was working to promote its T-Mobile's interests. The "statement" at the heart of the defamation claim, even as it is alleged in the proposed amended complaint, was limited in scope – TMP informed its principal that it thought T-Mobile's participation in the LAT job fairs was "not working." LAT seeks to trade on the inaccuracy of that advice. But, as is discussed below, TMP had a duty to T-Mobile, not to LAT. Its communication to T-Mobile was not defamatory as a matter of law.

LAT has failed to state a plausible claim for defamation based on the allegations in even its proposed amended counterclaim. TMP's Motion to Dismiss the Counterclaim is GRANTED and LAT's Motion to amend it is DENIED.

**3. Tortious interference Counterclaim**.

LAT also alleges (and seeks to amend) a counterclaim for tortious interference with a contract or a legitimate business expectancy.

Under Washington[2] law, a claim for tortious interference with a contractual relationship or business expectancy requires five elements: (1) the existence of a valid contractual relationship or business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damage. *See Leingang v. Pierce County Medical Bureau, Inc.,* 930 P.2d 288, 300 (1997)

LAT"s counterclaim does not articulate these elements. Construed liberally, LAT's proposed amended counterclaim does recite each element of its tortious interference claim. The gist of the claim is that TMP in some fashion convinced T-Mobile to breach or alter its contract with LAT, and to attend fewer job fairs. LAT claims that it was damaged as a result. LAT's counterclaim alleges that that TMP made false statements to T-Mobile regarding the efficacy of its attendance at LAT job fairs, in its capacity as T-Mobile's agent.

The standard for a viable pleading – Fed. R. Civ. P. 12(b)(6) is less stringent than that applicable to a Motion for Summary Judgment. As a pleading matter, LAT's tortious interference claim is viable. LAT's Motion to Amend its counterclaim to support this claim is GRANTED, and TMP's Motion to Dismiss this claim is DENIED.

### 4. **Breach of Fiduciary Duty.**

TMP seeks dismissal of LAT"s breach of fiduciary duty counterclaim. LAT hs alleged without supporting facts either that TMP was its agent, not T-Mobile's, or that LAT and TMP were "joint venturers (partners)." It claims, therefore, that TMP owed fiduciary duties to LAT. Parties to a contract do not necessarily – do not typically – become "partners," or by virtue of having a contractual relationship

---

[2]TMP raises a choice of law issue, but does not advocate the application of Washington or New York law. LAT does not address the issue. On the record before the court it does not appear that the choice of law changes the calculus on the Motions to Dismiss and Amend.

owe each other fiduciary duties. Unless the contract provides otherwise, one party to a contract does not become an agent of the other. TMP has alleged, and LAT"S counterclaim does not dispute, that theirs was an arms-length transaction. Absent some plausible source for a partner or principal/agent relationship, or some other source for the alleged fiduciary duty, this claim cannot survive under Fed. R. Civ. P. 12(b)(6). TMP's Motion to Dismiss LAT's breach of fiduciary duty counterclaim is GRANTED and that claim is DISMISSED. If and to the extent the proposed amended counterclaim addressed this claim, LAT's Motion to Amend is DENIED.

**Conclusion**

The Motion to Dismiss is GRANTED as to LAT's defamation and breach of fiduciary duty counterclaims. It is DENIED as to the breach of contract and tortious interference counterclaims. LAT"s Motion to Amend its remaining counterclaims is GRANTED.

DATED this 16th day of October, 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE