HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TMP Worldwide Advertising &
Communications, LLC,

    Plaintiff,

v.

LATCAREERS, LLC,

    Defendant.

Case No. C08-5019 RBL

ORDER DENYING PLAINTIFF'S
MOTION TO QUASH SUBPOENA
SERVED BY DEFENDANT UPON T-
MOBILE USA, INC.

This matter is before the Court on Plaintiff's Motion to Quash Subpoena Served by Defendant Upon T-Mobile USA, Inc. (Dkt. #34). For the following reasons, the Motion (Dkt. #34) is DENIED.

**I.**    **Background**

This lawsuit concerns a contractual dispute between Plaintiff TMP and Defendant LATCareers. LAT promotes and operates job fairs around the country. It sought to have TMP's client, T-Mobile, attend a series of job fairs, with the understanding on all sides that Latino job applicants would attend the fairs. The initial "deal" was for TMP to pay LAT for T-Mobile's attendance at 8 such fairs. According to TMP, it mistakenly paid for attendance at 12 such fairs, sought and was promised a refund reflecting the agreed upon 8 fairs. While that dispute was pending, T-Mobile attended at least one fair, and was not satisfied. TMP sought to modify the contract to reflect T-Mobile's attendance at 4 job fairs instead of 8. TMP claims the modification was

ORDER
Page - 1

1  agreed upon, and that LAT has nevertheless refused to refund the difference. TMP filed suit on January 10,
2  2008 (Dkt. #1), seeking refunds to which it claims it is entitled.

3  On November 18, 2008, Defendant LAT provided nonparty T-Mobile with "Subpoena for Deposition
4  and Subpoena Duces Tecum." (Dkt. #34, Exhibit A.) Plaintiff now moves the Court to quash the subpoena
5  served by Defendant upon T-Mobile under Fed. R. Civ. Pro. 45. Plaintiff also requests that the Court sanction
6  LATCareers and/or its counsel for the issuance of the subpoena. LATCareers did not respond to Plaintiff's
7  Motion to Quash.

8  **II.  Discussion**

9  Plaintiff argues under Fed. R. Civ. Pro 45(c) that Defendant LATCareers' motion is defective
10 procedurally and substantively on four bases. Plaintiff argues that the subpoena (1) was not properly served,
11 and did not tender mileage fees and costs; (2) requires T-Mobile to travel more than 100 miles to be deposed
12 and to produce documents; (3) does not provide T-Mobile with reasonable time to comply and imposes an
13 undue burden; and (4) calls for production of documents and offering of deposition testimony on a date beyond
14 the Court's discovery cut-off date. (Dkt. 34.)  The Court denies Plaintiff's motion to strike without discussing
15 Plaintiff's arguments. Although a party's failure to file an opposition to a motion may be considered by the
16 court as an admission that the motion has merit under Local Rule W.D. Wash. 7(b)(2), the Court nonetheless
17 denies Plaintiff's motion for lack of standing.

18 The Court is obligated to first consider the question of whether Plaintiff has standing to bring a motion
19 to quash a subpoena served by the Defendant, on a nonparty. This is because "[f]ederal courts are required *sua*
20 *sponte* to examine jurisdictional issues such as standing." *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260,
21 1264 (9th Cir. 1999). Generally, a party lacks standing to challenge a subpoena issued to a nonparty, or third
22 party, unless the party making the challenge claims a personal right or privilege with respect to the discovery
23 sought in the subpoena. *See Nova Products, Inc. v. Kisma Video, Inc*., 220 F.R.D. 238, 241 (S.D.N.Y. 2004);
24 *In re Cree Inc. Securities Litigation*, 220 F.R.D. 443 (M.D.N.C. 2004). TMP asserts no privilege or right with
25 respect to the discovery requested in LATCareers's subpoena. Because T-Mobile has not objected to the
26 issuance of the subpoena, it is free to comply with subpoena despite the fact that the subpoena may be
27 defective under Fed. R. Civ. Pro. 45(c). If Plaintiff believes that the discovery sought by the subpoena contains
28 privileged material, it may request that the Court issue a protective order. But because Plaintiff has asserted

1 | no personal right or privilege to the information, Plaintiff lacks standing to bring its motion to quash.

2 | It is therefore ORDERED that Plaintiff's Motion to Quash Subpoena Served by Defendant Upon T-
3 | Mobile USA, Inc. (Dkt. #34) is DENIED.

4 | DATED this 16th day of December, 2008.

5 | IT IS SO ORDERED this 16th day of December, 2008.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE