HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TMP WORLDWIDE ADVERTISING & COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LATCAREERS, LLC,<br><br>Defendant. | Case No. C08-5019RBL<br><br>ORDER DENYING PLAINTIFF TMP WORLDWIDE ADVERTISING & COMMUNICATIONS, LLC'S MOTION TO DISMISS LATCAREERS, LLC'S COUNTERCLAIMS FOR WANT OF PROSECUTION OR FOR PARTIAL SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Plaintiff TMP Worldwide Advertising & Communications, LLC's Motion for Dismissal for Want of Prosecution or Partial Summary Judgment [Dkt. #38]. The Court has reviewed the materials submitted in support of, and in opposition to, the motion. Oral argument is not necessary for the Court to resolve the issues presented. For the following reasons, Plaintiff's motion is DENIED.

**BACKGROUND**

Plaintiff TMP Worldwide Advertising & Communications, LLC (TMP) commenced this action on January 10, 2008 [Dkt. #1]. The deadline for response by Defendant LATCareers, LLC (LATCareers) was March 31. Defendant did not file its Answer & Counterclaim [Dkt. #13] until May 22. Plaintiff filed a Motion to Dismiss Counts 1 through 4 of LATCareers' Counterclaim [Dkt. #22] on July 25. The deadline for response by Defendant was August 18. Defendant did not file its Response [Dkt. #25] until August 19.

ORDER
Page - 1

The Court granted Defendant's Motion to Amend Remaining Counterclaims [Dkt. #28] on October 16, 2008. Unfortunately, the Court imposed no deadline upon Defendant for filing its Amended Counterclaim [Dkt #41] and Defendant did not do so until January 13, 2009, three full weeks after Plaintiff relied on Defendant's failure in support of the motion now before the Court. Plaintiff filed its Motion to Dismiss on December 22 [Dkt. #38]. The deadline for Defendant's response was January 12, 2009. Defendant did not file its Response [Dkt. #42] until January 14.

Beyond these procedural facts, Plaintiff contends that Defendant has (1) failed to take discovery measures necessary to adduce evidence critical to the remaining counterclaims, and (2) failed to produce materials in response to Plaintiff's discovery requests. Defendant responds that (1) they are free to follow their own discovery strategy, and (2) they have supplied Plaintiff with requested documents. Defendant further asserts that Plaintiff has also been hostile and uncooperative by not supplying requested documents.

## ANALYSIS

### A. Failure to Prosecute Claims

"Fed. R. Civ. P. 41(b) authorizes dismissal for failure to comply with the federal rules or to prosecute an action." *McMahon v. Hewlett-Packard Co.*, 2006 U.S. Dist. Lexis 25152, at *9 (W.D. Wash. Mar. 22, 2006) (citing *Martin v. Metropolitan Museum of Art*, 158 F.R.D. 289, 292-93 (S.D.N.Y. 1994)). Fed. R. Civ. P. 37(d) also "provides for the sanction of dismissal when the plaintiff abandons the prosecution of her action." *Id.* (citing *Carter v. Prince George's County*, 155 F.R.D. 128, 130 (D. Md. 1994)). To determine whether dismissal for failure to prosecute is warranted, the Court should weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The Court puts considerable weight on factors (3) and (4). Plaintiff claims prejudice on the basis that Defendant's tardiness has impeded the progress of litigation and prevented Plaintiff from fully preparing a defense to counterclaims. The inconvenience presented by these assertions is high, but Plaintiff does not show any real risk of prejudice. The effectiveness of Plaintiff's defenses has been delayed, not lessened. Although Defendant did fail to timely file its Amended Counterclaim, Plaintiff has been on notice

of that pleading's content since at least October 16. Plaintiff also claims that public policy in favor of disposition on the merits does not aid a party "whose conduct impedes progress in that direction." *Travis v. Folsom Cordova Unified School Dist.*, 2007 U.S. Dist. Lexis 48423, at *8 (E.D. Cal. June 22, 2007). In that case, the Court dismissed claims when the plaintiff failed to abide by a court order to file an amended complaint within 20 days. *Id*. at *8-9. That case is both distinguishable and non-authoritative. Public policy does favor allowing this case to be resolved on the merits. Defendant should take note, however, that a cat only has nine lives.

**B.  Summary Judgment**

Defendant urges denial of Plaintiff's motion for summary judgment due to hardship under Fed. R. Civ. P. 56(f). Specifically, Defendant explains that its attorney's (Ms. Jones) sole paralegal was injured in an accident on December 14 and unable to return to work. Furthermore, Ms. Jones has three trials spanning from the beginning of January through the first week of February. The Court recognizes that these are unfortunate circumstances. The deficiencies in Defendant's timeliness, however, did not begin on December 14. Defendant has a long pattern of tardiness. In fact, when Ms. Jones's paralegal was injured it had been almost two months since the Court granted leave to amend counterclaims. Furthermore, the fact that Ms. Jones has three trials over the period of a month is not a burden that this Court, nor the opposing party, should have to bear when there has already been significant delay. Defendant is correct that the Court did not give a deadline to file amended counterclaims, but common sense dictates that three months to file a pleading, which has already been drafted, is excessive. The Court will not deny summary judgment on the basis of Fed. R. Civ. P. 56(f).

Plaintiff's motion for partial summary judgment is nevertheless DENIED. Defendant's Amended Counterclaim [Dkt. #41] filed on January 13 is its operative pleading. Plaintiff claims it has not had sufficient time to prepare a defense to these counterclaims and both parties assert that their discovery process is incomplete because the other has been non-compliant. This is not the proper time to rule on a motion for summary judgment.

## **Conclusion**

For the foregoing reasons, Plaintiff TMP's Motion for Dismissal of Counterclaims for Want of Prosecution or Partial Summary Judgment [Dkt. #38] is DENIED.

Dated this 20th day of January, 2009.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE