08-CV-05019-ORD

Honorable Ronald B. Leighton

FILED _____ LODGED
_____ RECEIVED

MAR 20 2009

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

TMP WORLDWIDE ADVERTISING & COMMUNICATIONS, LLC,

    Plaintiff,

v.

LATCAREERS, LLC,

    Defendant.

NO. C08-5019 RBL

PROTECTIVE ORDER

PROTECTIVE ORDER - 1
CASE NO. C08-5019 RBL

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL 206 816 6603 • FAX 206 816 3528

Pursuant to Federal Rule of Civil Procedure 26 Plaintiff-Counterclaim Defendant TMP Worldwide Advertising & Communications, LLC ("TMP") and Defendant-Counterclaim Plaintiff LATCareers, LLC, ("LATCareers"), by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Protective Order:

1. "Confidential Material" shall mean any information, documents, electronically stored information or testimony that is furnished in the course of this Litigation, which the producing party designates as "Confidential" or "Attorneys Eyes Only" as provided in this Protective Order.

2. Any confidential or proprietary information or document or electronically stored information produced by any party or non-party as part of discovery in this action may be designated by the producing party as "Confidential." As a general guideline, and without limitation, a document or electronically stored information may be designated "Confidential" when it contains personal or business financial information, including but not limited to revenues, costs, or pricing, customer information, business relations, or any other matter that would put the producing party at a competitive disadvantage if the information became known to third parties. Material may be designated as "Attorneys Eyes Only" information if it constitutes trade secret information or other confidential research, product or service development, or commercial information subject to protection under Fed. R. Civ. P. 26(c)(7) and the disclosure of such information other than provided for by this Order for "Attorneys Eyes Only" information would materially affect the business, financial or commercial interests of the party producing, such as (by way of example but not limitation) information regarding the finances of the producing party or the identity of the producing party's customers and sales agents.

PROTECTIVE ORDER - 2
CASE NO. C08-5019 RBL

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL 206 816 6603 • FAX 206 816 3528

3. Information, documents, and electronically stored information may be designated as "Confidential" or "Attorneys Eyes Only" as follows:

a. information set forth in a response to an interrogatory or a request for admission may be so designated by including the word "Confidential" or "Attorneys Eyes Only" in the response or a portion thereof;

b. information contained in a document or a part thereof may be so designated by marking the word "Confidential" or "Attorneys Eyes Only" on all copies of it delivered to the receiving party. Electronically stored information shall have the same designations marked within the document's header or within the database entry in which the document is maintained;

4. Confidential Material may not be used or disclosed to anyone except as provided in this Protective Order, and shall be used only for purposes of adjudicating the claims and issues between the parties that have been raised in this action, whether adjudicated in this forum or in any other forum, provided that use in such other forum be subject to a protective order entered in such other forum.

5. Documents and electronically stored information or interrogatories or transcripts designated "Confidential," as well as any copies or excerpts thereof, or analyses or reports pertaining thereto, may be made available only to the following:

a. Outside counsel for the receiving party, including any attorneys, staff, or paralegals, employed by a law firm that is counsel of record for the receiving party, and attorneys employed in the law department of a party, as well as officers of the receiving party who have direct responsibility for the conduct or discharge of this action;

b. Judges, Magistrate Judges, law clerks and other personnel of this Court ("the Court"), and any federal or state governmental agency that formally requests such information;

PROTECTIVE ORDER - 3
CASE NO. C08-5019 RBL

FERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL 206 816 6603 • FAX 206 816 3528

c. independent experts, not employed by any party, who have been specifically retained by a party to give expert testimony or otherwise assist in the preparation of an action for trial;

If a party wishes to disclose Confidential Material to any expert that works in, or is employed by or consults with anyone within the recruitment advertising industry, that party must first identify the expert to the party which designated the material as Confidential by providing the designating party with the name and curriculum vitae of that expert, and indicating its intention to disclose Confidential Material to the expert. If the designating party does not object in writing to disclosure of Confidential Material to the identified expert within ten (10) days of such identification, then the party seeking disclosure may disclose Confidential Material to the expert, subject to the provisions of Paragraph 6. However, if the classifying party objects to the proposed disclosure in writing within ten (10) days, then Confidential Material shall not be disclosed to the expert unless the classifying party subsequently withdraws its objection, or unless the Court overrules the classifying party's objection and permits disclosure. When the classifying party objects to a proposed disclosure in a timely manner, the parties shall first attempt to resolve the objection themselves. If they are unable to do so, the party seeking disclosure may move the Court seeking to have the classifying party's objection overruled and permitting disclosure to the expert. In such a dispute, the classifying party shall have the burden of showing why a proposed disclosure to an expert would be improper;

d. court reporters or stenographers engaged to record deposition testimony, and their employees;

e. persons who authored the document or to whom the document or a copy thereof was previously provided by the producing party, or who received it in the ordinary course of business;

PROTECTIVE ORDER - 4
CASE NO. C08-5019 RBL

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL 206 816 6603 • FAX 206 816 3528

f. such other persons as hereafter may be authorized by the Court upon motion of either party, or upon stipulation of all parties; and

g. copy services as follows: To the extent a party receiving material marked "Confidential" by an opposing party wishes to utilize an outside copy service to duplicate such material, the party desiring to make the copies shall first notify the producing party and shall give the producing party the option of providing copies of that material to the receiving party. If the producing party declines to provide copies to the receiving party of the material marked "Confidential," the receiving party may utilize an outside copy service to make copies of said material but must notify the copy service of the "Confidential" nature of the material and must supervise the copy service's duplication of said material.

6. Disclosure of "Attorneys Eyes Only" information may be made only to outside counsel for the receiving party, including any attorneys, staff, or paralegals, employed by a law firm that is counsel of record for the receiving party, in-house counsel for the receiving party, and those persons specified in categories 5.b-g above.

7. Each person falling within categories, c., e., and f. of paragraph 5 above who is permitted by the parties or their counsel to have access to "Confidential" or "Attorney Eyes Only" information shall, prior to being given such access, be provided with a copy of this Protective Order for review. Upon receiving the same, such person shall sign a Disclosure Agreement in the form attached hereto as Exhibit A indicating that he or she has read the Protective Order and agrees to comply with its terms, and this affidavit shall be served upon all counsel of record upon request.

8. Information contained in deposition testimony may be so designated as Confidential Material by two alternative means: (1) the witness or his or her counsel may make a statement on the record that certain testimony is to treated as "Confidential" or "Attorneys Eyes Only" at the time the testimony is given, or (2) the witness or his or her counsel may, within twenty (20) days of receiving the transcript or a portion thereof, designate as

PROTECTIVE ORDER - 5
CASE NO C08-5019 RBL

FERRELL MARSHALL & DAHDT PLLC
1600 Fremont Avenue North
Seattle Washington 98103
TEL 206 816 6603 • FAX 206 816 3528

"Confidential" or "Attorneys Eyes Only" the transcript or any portion thereof by so advising counsel for all other parties in writing. During the period from the taking of the deposition through this twenty (20) day period, counsel for the parties shall treat the transcript as if it had been designated "Attorneys Eyes Only." Any transcript or portion thereof not designated as Confidential Material within such twenty (20) day period shall be deemed not to contain confidential information.

9. All Confidential Material that is filed with the Court and any pleadings, motions or other papers filed with the Court shall be filed under seal and kept under seal until further order of the Court, and shall state in capital letters on the first page or cover page of the document, "CONFIDENTIAL --- SUBJECT TO ORDER OF THE COURT" or a similar legend.

10. Any documents, electronically stored information or things that are produced without being designated as "Confidential" or "Attorneys Eyes Only" may be so designated, with respect to future disclosure, by the producing party or non-party by sending written notice making such designation to each party who has received such material, provided such written notice is given within a reasonable time after the producing party or non-party learns of the error in designation. Disclosure of such material prior to its designation as "Confidential" or "Attorneys Eyes Only" shall not violate the terms of this Protective Order; providing, however, that a person disclosing such material that is subsequently designated as "Confidential" or "Attorneys Eyes Only" shall use his or her best efforts to retrieve such material from the recipient(s) and prevent further disclosures, except as authorized in this Protective Order.

11. If, at any time, counsel for any party claims that the producing party or its counsel has unreasonably designated certain information as "Confidential" or as "Attorneys Eyes Only" or believes that it is necessary to disclose such designated information to persons other than those permitted by this Protective Order, the counsel objecting to the designation may make an appropriate application to the Court requesting that the specifically identified

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL 206 816 6603 • FAX 206 816 3528

documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or that they be available to specified other persons. The producing party shall be given notice and reasonable time to object to the disclosure.

12. All "Confidential" or "Attorneys Eyes Only" documents or electronically stored information and copies thereof that have been disclosed under this Protective Order shall be returned to the producing party or, with the consent of the producing party, the receiving party shall certify that such material has been destroyed within thirty (30) days of the resolution of this action. Provided, however, that outside counsel of record shall have the right, subject to the terms hereof, to retain one copy of all materials for their internal records. The terms of this Stipulation and Protective Order will survive the termination of this Litigation.

13. The provisions of this Protective Order shall not be construed as preventing:

    a. any disclosure of "Confidential" or "Attorneys Eyes Only" information by the producing party;

    b. any disclosure of "Confidential" or "Attorneys Eyes Only" information to the Court for purposes of this action, including offering such information into evidence at the trial of this action; or

    c. any disclosure of information that a receiving party has obtained lawfully from a source other than the producing party, even if the producing party has produced the same information and designated it as "Confidential" or "Attorneys Eyes Only" pursuant to this Protective Order.

14. The provisions of this Protective Order may be modified by an order of this Court. Nothing contained herein shall be deemed to preclude either party from waiving any protection afforded to its information under this Protective Order, provided such waiver is in writing or is recorded in a transcript during deposition testimony.

15. This Protective Order will not prejudice the right of any party or non-party to oppose production of any information on the ground of relevance, undue burden, scope,

PROTECTIVE ORDER - 7
CASE NO. C08-5019 RBL

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL 206.816.6603 • FAX 206.816.3528

attorney-client privilege, work product immunity or any other privilege or protection provided under law.

16. The inadvertent production of any document, electronically stored information, material or other information during discovery in this Litigation shall be without prejudice to any claim that such material is privileged under the attorney-client privilege or protected from discovery as work product within the meaning of Rule 26 of the Federal Rules of Civil Procedure, and no party shall be held to have waived any rights by such inadvertent production. Upon discovery of such inadvertent production, a producing party may notify the receiving party and request return of any such document or information, as well as any and all copies which may have been made by the receiving party.

18. Upon execution by the parties, this Stipulation and Protective Order shall be submitted to the Court with a joint request that it be entered as an Order of the Court. Nevertheless, any and all material, information, documents and things requested of a party may be produced pursuant hereto and the parties shall treat their obligations hereunder as though it were an order already entered by the Court.

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL 206 816 6603 • FAX 206 816 3528

| | |
|---|---|
| _[signature]_<br>Alexander E. Barnett<br>144 W. 72nd Street<br>#3D<br>New York, NY 10023<br>Tel: 212-362-6174<br>Fax: 917-591-5227<br>Email: abarnett20@hotmail.com<br><br>Beth E. Terrell<br>WSBA #26759<br>Terrell, Marshall & Daudt<br>3600 Fremont Ave N<br>Seattle, WA 98103<br>Tel: 206-816-6603<br>Fax: 206-350-3528<br>Email: bterrell@tmdlegal.com<br><br>*Counsel for Plaintiff*<br><br>Dated: 3/10/09 | _[signature]_<br>Marianne K. Jones<br>WSBA #21034<br>Mona K. McPhee<br>WSBA# 30305<br>Jones Law Group, PLLC<br>11819 N.E. 34th Street<br>Bellevue, WA 98005<br>Tel: 425-576-8899<br>Fax: 425-576-9898<br>Email: mlaw@joneslawgroup.com<br>       mkm@joneslawgroup.com<br><br>*Counsel for Defendant*<br><br><br>Dated: 3-9-09 |

IT IS SO ORDERED THIS ___ DAY OF March, 2009

_[signature]_
UNITED STATES DISTRICT COURT JUDGE

TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103

# Exhibit A

## DISCLOSURE AGREEMENT

I, _____, understand that information and/or documents which are to be disclosed to me by counsel of record for _____ (name of party), are "Confidential" or "Attorneys Eyes Only" and to be used by me solely to assist in the matter of *TMP Worldwide Advertising & Communications, LLC v. LATCareers, LLC.*, Case No. C08-5019 RBL, pending in the United States District Court for the Western District of Washington. I further understand that a Protective Order entered by the Court, a copy of which has been given to me, prohibits me from either using such information or documents for any other purpose or disclosing such documents and information to any person other than counsel of record or persons assisting them. In accepting disclosure, I agree to be bound by the Protective Order and to be subject to the jurisdiction of the United States District Court for the Western District of Washington for the purposes of its enforcement and the enforcement of my obligations under this Agreement.

Dated: _____, 2008

Name: _____

PROTECTIVE ORDER - 10
CASE NO. C08-5019 RBL

FERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
TEL 206 816 6603 • FAX 206 816 3526